Douglas L. Johnson (SBN 209216)
Frank R. Trechsel (SBN 312199)
Hunter S. Litterio (SBN 358806)
**JOHNSON & JOHNSON LLP**
439 North Canon Drive, Suite 200
Beverly Hills, California 90210
Telephone:  (310) 975-1080
Facsimile:  (310) 975-1095
Email:      djohnson@jjllplaw.com
            ftrechsel@jjllplaw.com
            hlitterio@jjllplaw.com

*Attorneys for Plaintiff*
KENDRA GILLIAMS

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| KENDRA GILLIAMS, an individual, | CASE NO.: 26-CV-03164-ODW-MBK(x) |
| Plaintiff, | **FIRST AMENDED COMPLAINT FOR:** |
| vs. | **1. DIRECT COPYRIGHT INFRINGEMENT** |
| CARLOS WILLIAMS, an individual, doing business as CarlitoPosted and Carlito2Cold Youtube Channels; DOES 1-10. | **DEMAND FOR JURY TRIAL** |
| Defendant. | |

1

Plaintiff KENDRA GILLIAMS ("Ms. Gilliams" or "Plaintiff"), by and through its undersigned attorneys, brings this first amended complaint (the "FAC") against CARLOS WILLIAMS, doing business as "CarlitoPosted" and "Carlito2Cold" on Youtube (collectively "Defendants") upon knowledge and belief as to itself and as to all other matters upon information and belief of its undersigned attorneys.

## NATURE OF THE ACTION

1. This is an action for copyright infringement in connection with the United States terms of copyright (the "Copyrights") in the audiovisual works created and owned by Ms. Gilliams listed on **Exhibit 1** to the Complaint (the "Subject Works") and incorporated herein.

## PLAINTIFF

2. Plaintiff Kendra Gilliams is an individual residing in Los Angeles, California.

## DEFENDANT

3. Defendant Carlos Williams, individually and doing business as CarlitoPosted and Carlito2Cold, operates a YouTube channel that unlawfully reproduces, distributes, and monetizes Plaintiff's copyrighted works. Carlos Williams resides in Gretna, Louisiana.

4. Defendants operate a YouTube channel called "Carlito2Cold" that runs through YouTube's servers in California, with IP addresses located in California. Further, Defendant's YouTube channel is distributed throughout the United States and in California through a California-based Content Delivery Network ("CDN") provider that distributes content through data centers in the United States and California. These websites distribute content contained on Defendant's YouTube channels, including the allegedly Infringing Videos described below, or include links to the accounts where the allegedly Infringing

2

SECOND AMENDED COMPLAINT

Videos are contained. Further, on information and belief, the Infringing Videos were specifically targeted to California, as Plaintiff resides in Los Angeles, manages her business in Los Angeles, and creates her content in Los Angeles.

5. Each Defendant's social media accounts and website are commercial endeavors to drive popularity, viewership, and membership fees. The allegedly Infringing Videos described below is an integral part of each Defendant's marketing and advertising efforts. Defendants' main source of income is advertising revenue generated by advertisers, including those located in California, who place ads on Defendants' content. Defendants also sell "memberships" to their YouTube channels at tiered pricing, including 2.99/month, 4.99/month, and 8.99/month subscriptions for additional content. These subscriptions are offered and sold to California customers.

6. On information and belief, Defendants' subscription sales are encouraged and tied to Defendants' overall marketing materials and content, including the allegedly Infringing Videos described below.

7. Defendants' efforts and intent to reach California consumers are evidenced by the fact that they ship to California and encourage sales of merchandise there, as well as by the terms and services of their respective websites. Additionally, Defendants' infringement primarily impacts Los Angeles and Southern California.

8. Defendant Does 1 through 10 are sued herein by fictitious names for the reason that their true names are unknown to Plaintiff. Plaintiff will seek leave to amend this complaint to allege the true names and capacities of these Defendants when the same have been ascertained. Plaintiff is informed and believes and, based thereon, alleges that these fictitiously named Defendants are responsible in some manner for the actions and damages alleged herein.

9. Plaintiff is further informed and believes and based thereon alleges

SECOND AMENDED COMPLAINT

that Defendants at all times herein alleged were the agents, employees, servants, joint venturers and/or co-conspirators of each of the other remaining Defendants, and that in doing the things herein alleged were acting in the course and scope of such agency, employment, joint venture and/or conspiracy.

## JURISDICTION AND VENUE

10.     Subject matter jurisdiction is appropriate to this Court under 28 U.S.C. §§ 1331 and 1338 because this action arises under the Copyright Laws of the United States (17 U.S.C. §§ 101 et seq.), and this Court has supplemental jurisdiction over any related state law claims under 28 U.S.C. § 1367.

11.     This Court has personal jurisdiction over Defendants because Defendants' conduct causing injury to Ms. Gilliams and her intellectual property occurred within the State of California through exploitation of the Subject Works on YouTube, a California-based company, accessible to California-based consumers. Additionally, Defendants: (a) regularly does business or solicits business in the State of California, (b) engages in a persistent course of conduct in the State of California, (c) derives substantial revenue from consumers located in the State of California, (d) expects or should reasonably expect its acts to have consequences in the State of California, and (e) derives substantial revenue from interstate commerce. Finally, Ms. Gilliams content, including the Subject Works, are created and exploited in California and must therefore be taken and copied from California for Defendants' unauthorized exploitation.

12.     Venue is appropriate under 28 U.S.C. §§ 1391 and 1400 because a substantial part of the events giving rise to the claims occurred in Los Angeles County, and Defendants' actions caused injury in Los Angeles County.

## FACTUAL ALLEGATIONS

13.     Ms. Gilliams is a professional radio and television journalist with more than two decades of experience in broadcast journalism and entertainment. She has

SECOND AMENDED COMPLAINT

interviewed numerous high-profile public figures and built a respected media career. Ms. Gilliams moved to Los Angeles in or about 2023 and has since worked as a television host and personality, as well as a content creator.

14.    Building on her media career, Plaintiff created and launched an original online dating show that she hosts and produces. Ms. Gilliams also created and distributed, through her entity Singles Live, LLC, a dating application called Kendra G Singles, available on all devices. Kendra G Singles is a dating app that allows users to find their person anywhere in the world. The app has over 250,000 downloads.

15.    Ms. Gilliams launched her online platform and application to bring various, deserving single women to the attention of eligible bachelors. Ms. Gilliams' online businesses have attracted significant attention, with over 308,000 subscribers to her YouTube channel and over 2 million followers on her Instagram and Facebook pages.

16.    A key aspect of both Ms. Gilliams' online platforms and dating application is a live show titled *Kendra G Singles Live*, which she produces and releases every day, Monday through Friday, on Kendra G Singles and her social media platforms. Ms. Gilliams also releases two or three video segments of her live show every day on her YouTube channel – Kendra G. *Kendra G Singles Live*, or segments of the show, are broadcast on Kendra G Singles, the app, her YouTube channel, and her Facebook and Instagram accounts, all of which have developed a significant following.

17.    Ms. Gilliams is the sole author and owner of each of the Subject Works listed in **Exhibit 1**. Each episode of *Kendra G Singles Live* is an original audiovisual work created entirely by Ms. Gilliams through her independent creative choices regarding format, content, guests, questioning, structure, and production. Ms. Gilliams retains all exclusive rights in the Subject Works, including the rights

5

SECOND AMENDED COMPLAINT

to reproduce, distribute, publicly perform, publicly display, and create derivative works therefrom.

18.    Ms. Gilliams has obtained federal copyright registrations for each of the Subject Works, as set forth in **Exhibit 1**. Each registration certificate identifies Kendra Gilliams as both the Author and the Copyright Claimant.

19.    Singles Live, LLC is a single-member limited liability company wholly owned and controlled by Ms. Gilliams. Ms. Gilliams formed Singles Live, LLC as an operating and distribution entity for her dating application, *Kendra G Singles*.

20.    Ms. Gilliams has never transferred, assigned, or conveyed to Singles Live, LLC or any other entity any ownership interest in the Subject Works or any exclusive right therein. No written instrument of conveyance or assignment of copyright in the Subject Works exists between Ms. Gilliams and Singles Live, LLC or any other party.

21.    Ms. Gilliams did not create *Kendra G Singles Live* as an employee of Singles Live, LLC or any other entity within the scope of any employment relationship. Ms. Gilliams created the Subject Works as an independent author exercising sole creative control over all aspects of production.

22.    Ms. Gilliams invests substantial time, creativity, and resources into developing, producing, and distributing her show, *Kendra G Singles Live*.

23.    Ms. Gilliams has produced and released thousands of episodes of *Kendra G Singles Live*. More than 15,000 individuals have appeared on the show.

24.    Episodes of *Kendra G Singles Live* are original, copyrightable works fixed in a tangible medium of expression entitled to full protection under the Copyright Act. Ms. Gilliams has obtained copyright registrations for each of the Subject Works alleged to be infringed in this action. A list of the Subject Works is attached hereto as **Exhibit 1**.

SECOND AMENDED COMPLAINT

25. Ms. Gilliams creates and owns each episode of *Kendra G Singles Live.* Ms. Gilliams possesses the exclusive rights to record, reproduce, distribute, advertise, and otherwise exploit such copyrighted works.

26. On information and belief, Defendants operate numerous YouTube channels and social media accounts. On information and belief, Defendants produce and own the show YouTube channel "Carlito2Cold."

27. Rather than film or produce their own original content, Defendants replay Ms. Gilliam's videos in their entirety, acting as a direct market substitute for *Kendra G Singles Live.* Defendants' display and reproduction of the Subject Works are accompanied by dangerous rhetoric and insults aimed at Ms. Gilliams and her video participants.

28. The ridicule and disparaging comments that accompany Defendants' verbatim reproduction of Ms. Gilliams' Subject Works are also aimed at the participants and guests on *Kendra G Singles Live,* resulting in less participation in Ms. Gilliams show. Ms. Gilliams has had a significant decrease in viewers and participants as a result of Defendants' conduct.

29. Defendants reproduce, display, incorporate, and otherwise exploit Ms. Gilliams' Subject Works in their entirety in their own YouTube episodes (the "Infringing Videos"). Defendants distribute the Infringing Videos on their YouTube channels. Defendants, along with their affiliated and/or wholly owned subsidiaries and brands, have engaged and are currently engaging in rampant infringement of the Subject Works by exploiting them in the Infringing Videos. The URL for each Infringing Video is included in Exhibit 1, which is incorporated by reference herein.

30. Beginning on or about 2024, Defendants began engaging in a pattern and practice of infringement. Defendants' Infringing Videos are a direct substitute for Ms. Gilliams' Subject Works, reproducing the entirety of the Subject Works.

SECOND AMENDED COMPLAINT

Ms. Gilliams' content and Defendants' content serve the same purpose of entertaining and commenting on modern dating. Defendants use Ms. Gilliams' content and popularity to prey on her audience and to gain more views and ad revenue from viewers on YouTube who are interested in Ms. Gilliams' show *Kendra G Singles Live*. Defendants' derivative works of Ms. Gilliams' show are created solely for financial gain and the commercial purpose of attracting viewers and subscribers to Defendants' YouTube channels.

31.     Once Ms. Gilliams began submitting takedown requests to YouTube to remove Defendants' infringing content, Defendants began placing the Infringing Videos on Patreon. Defendants used Patreon to post content behind a paywall to prevent Ms. Gilliams from seeing the full extent of Defendants' infringement and to counteract YouTube's removal of the Infringing Videos. Defendants' posting to Patreon demonstrates willful acts of infringement after Ms. Gilliams informed Defendants of their unlawful conduct.

32.     Defendants explicitly encourage their viewers not to watch Ms. Gilliams' original content but to view her episodes on their platforms.

33.     At no point did Defendants ever obtain Ms. Gilliams' license, authorization, or consent to include the Subject Works in the Infringing Videos. On information and belief, their failure to properly license Ms. Gilliams' Subject Works and content was knowing or in reckless disregard for Ms. Gilliams' rights in her Subject Works.

34.     Moreover, despite being contacted by Ms. Gilliams regarding Defendants' unlicensed and unauthorized uses of the Subject Works, Defendants have refused to obtain proper licenses or admit wrongdoing.

## FIRST CAUSE OF ACTION

## DIRECT COPYRIGHT INFRINGEMENT

35.     Plaintiff hereby incorporates the allegations set forth above in

SECOND AMENDED COMPLAINT

paragraphs 1 through 33, as though fully set forth herein.

36. Without Plaintiff's authorization, license, or consent, Defendants reproduced, distributed, and/or publicly performed the Subject Works as part of the Infringing Videos, thereby infringing Plaintiff's exclusive rights of copyright to the Subject Works under the Copyright Act, 17 U.S.C. §§ 106, 501.

37. On information and belief, Defendants have authorized the reproduction, distribution, and/or public performance of the Subject Works by synchronizing or otherwise incorporating the Subject Works with the Infringing Videos on YouTube. The Infringing Videos are unauthorized derivative works of the Subject Works.

38. Each unauthorized reproduction, distribution, and/or public performance of the Infringing Videos constitutes a separate and distinct act of copyright infringement of the Subject Works.

39. Defendants' conduct has been intentional, willful, and with full knowledge of Plaintiff's copyrights in the Subject Works and the direct infringement thereof. Indeed, Defendants have acknowledged on their platforms Ms. Gilliams' claims of copyright infringement pre-dating her lawsuits, yet Defendants continued to release infringing videos almost daily.

40. Pursuant to 17 U.S.C. § 504(b), as a direct and proximate result of Defendants' direct infringement of Plaintiff's copyrights, Plaintiff is entitled to recover its actual damages, including Defendants' profits from infringement, as will be proven at trial. Alternatively, pursuant to 17 U.S.C. § 504(c), Plaintiff is entitled to recover up to $150,000 in statutory damages per work infringed.

41. Plaintiff is also entitled to recover its attorneys' fees and costs pursuant to 17 U.S.C. § 505, and prejudgment interest according to law.

42. Defendants are causing, and unless enjoined by the Court, will continue to cause, Plaintiff irreparable harm for which Plaintiff has no adequate

SECOND AMENDED COMPLAINT

remedy at law. Plaintiff is entitled to an injunction under 17 U.S.C. § 502, prohibiting the continued infringement of the Subject Works, and an order under 17 U.S.C. § 503 directing the impoundment, destruction, or other reasonable disposition of all infringing works, including the Infringing Videos.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for Judgment as follows:

**On Claim for Direct Copyright Infringement:**

1. For an award of damages, including actual damages and the disgorgement of any and all gains, profits and advantages obtained by Defendant, as a result of its acts of infringement in an amount according to proof at trial, or, alternatively, for an award of statutory damages in an amount of up to $150,000 per work infringed, according to proof at the time of trial;

2. For a temporary, preliminary and permanent injunction, prohibiting the continued infringement of the Subject Works during the terms of copyright; and

3. For costs of suit and attorneys' fees incurred herein;

4. For prejudgment interest at the legal rate; and

5. For such other and further relief as the Court deems just and proper.

Dated:  June 12, 2026

**JOHNSON & JOHNSON LLP**

By  */s/ Frank R. Trechsel*
Douglas L. Johnson
Frank R. Trechsel
Hunter S. Litterio
*Attorneys for Plaintiff*

10

SECOND AMENDED COMPLAINT

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury.

Dated: June 12, 2026

**JOHNSON & JOHNSON LLP**

By   */s/ Frank R. Trechsel*

Douglas L. Johnson
Frank R. Trechsel
Hunter S. Litterio
*Attorneys for Plaintiff*

11
SECOND AMENDED COMPLAINT

**EXHIBIT 1**

| No. | Original Video Title ("Subject Work") | Registration Number | Infringing Video URL |
|---|---|---|---|
| 1 | Singles On YouTube Nov 14th 2025 | PA0002555183 | https://www.youtube.com/watch?v=3hhDX-U9IVQ |
| 2 | Singles On YouTube Live: Nov 26th 2025 | PA0002555487 | https://www.youtube.com/watch?v=sHSECPcPgKQ |
| 3 | Singles On YouTube Live: Nov 26th 2025 | PA0002555487 | https://www.youtube.com/watch?v=JmIrRy17Pi0 |
| 4 | Singles On YouTube Live Nov. 10th 2025 | PA0002557301 | https://www.youtube.com/watch?v=9hbqt6ma7Mo |
| 5 | Singles On YouTube Live Dec 12th | PA0002557300 | https://www.youtube.com/watch?v=BC3LkVzOUw8 |
| 6 | Singles On YouTube Live Dec 12th | PA0002557300 | https://www.youtube.com/watch?v=c8FLsXA42k8 |
| 7 | Singles On YouTube Live! Dec 19th 2025 | PA0002574696 | https://www.youtube.com/watch?v=PViJRo24mvM |

12

SECOND AMENDED COMPLAINT

| 8 | Singles On YouTube Live! Dec 19th 2025 | PA0002574696 | https://www.youtube.com/watch?v=qTc7mCOTQVE |
|---|---|---|---|
| 9 | Singles Pop Up Show March 13th 2026 | PA0002579707 | https://www.youtube.com/watch?v=rPZucta-AGw |
| 10 | Kendra G Singles Dating App Feb 4th | PA0002581606 | https://www.youtube.com/watch?v=TZbuphvP6nk |

13

SECOND AMENDED COMPLAINT