Douglas L. Johnson (SBN 209216)
Frank R. Trechsel (SBN 312199)
Hunter S. Litterio (SBN 358806)
JOHNSON & JOHNSON LLP
439 North Canon Drive
Suite 200
Beverly Hills, California 90210
Tel: (310) 975-1080 | Fax: (310) 975-1095
*Attorneys for Plaintiff*
KENDRA GILLIAMS

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| KENDRA GILLIAMS, an individual,<br><br>Plaintiff,<br><br>v.<br><br>CARLOS WILLIAMS, an individual, doing business as CarlitoPosted and Carlito2Cold Youtube Channels; DOES 1-10,<br><br>Defendants. | CASE NO.: 26-CV-03164-ODW-MBK(x)<br><br>**NOTICE OF EX PARTE APPLICATION FOR LEAVE TO SERVE DEFENDANT CARLOS WILLIAMS BY ELECTRONIC MAIL AND FOR A THIRTY (30) DAY EXTENSION OF TIME TO SERVE THE COMPLAINT** |

1

NOTICE OF EX PARTE APPLICATION FOR LEAVE TO SERVE DEFENDANT CARLOS
WILLIAMS BY ELECTRONIC MAIL

**TO THE COURT AND ALL PARTIES OF RECORD:**

PLEASE TAKE NOTICE that Plaintiff Kendra Gilliams ("Plaintiff" or "Ms. Gilliams") hereby moves this Court *ex parte* for an Order: authorizing alternative service by email on Defendant Carlos Williams, an individual, doing business as CalitoPosted and Carlito2Cold YouTube channels ("Defendant" or "Williams") at joeydoey780@gmail.com and carlitogames3000@gmail.com.

This ex parte application is made on the grounds that Defendant is an online content creator who operates the "CarlitoPosted" and "Carlito2Cold" YouTube channels and who cannot, despite Plaintiff's reasonable diligence, be located and served by the methods ordinarily prescribed, while electronic mail is a means reasonably calculated to give Defendant actual notice of this action and an opportunity to respond.

Defendant, who, upon information and belief, resides in Louisiana, conducts substantial business online and uses email as their primary means of professional communication with the public.

Plaintiff has conducted diligent and thorough research into Defendant's whereabouts and attempted service of process via traditional methods at multiple Louisiana addresses, but the dearth of publicly available contact information on Defendant's professional webpages, Facebook pages, and Instagram profiles has stymied Plaintiff's efforts to effect service of process.

An order allowing alternative means of service is warranted because Plaintiff's attempts to serve Defendant via traditional means have repeatedly failed, and because service at Defendant's email addresses is most likely to provide Defendant with actual notice of this lawsuit and an opportunity to respond.

Courts in this district have previously permitted alternative service via email on defendants who conduct substantial business online where personal service presented notable difficulty and was likely to result in a significant delay in the

2

NOTICE OF EX PARTE APPLICATION FOR LEAVE TO SERVE DEFENDANT CARLOS WILLIAMS BY ELECTRONIC MAIL

proceedings.[1]

This Application is based on this Notice of Application, the accompanying Memorandum of Points and Authorities, the concurrently filed Declaration of Frank R. Trechsel ("Trechsel Decl."), the Proposed Order, the pleadings and papers on file, and any argument the Court may entertain.

Local Rules 7-19 and 7-19.1 require an applicant for *ex parte* relief to identify and notify opposing counsel. Defendant Carlos Williams has not been served, and has not appeared. Attorney(s) purporting to be Defendant's counsel made themselves known to Plaintiff in April 2026. However, after several attempts to contact those attorneys by Plaintiff's counsel, Plaintiff's counsel has received no response. The evidence indicates Defendant is no longer represented, and Plaintiff's counsel has been unable to meet and confer with respect to the substance of this Motion. There is accordingly no opposing party or counsel with whom Plaintiff may meet and confer or upon whom notice may be served. Plaintiff therefore is unable to comply with the notice requirements of Local Rules 7-19 and 7-19.1, and does not anticipate any opposition to the relief requested.

Respectfully submitted,

Dated: August 4, 2026          By:          /s/ Frank R. Trechsel
                                            Douglas L. Johnson
                                            Frank R. Trechsel
                                            JOHNSON & JOHNSON LLP
                                            Attorneys for Plaintiff

---

[1] *Maxim v. Guangzhou NetEase Computer Sys. Co.*, No. 2:20-CV-11331-AB-JC, (C.D. Cal. Aug. 11, 2021), at Dkt. No. 27 (Order Allowing Alternative Means of Service and Extending the Time in Which to Serve Defendant)(Hon. A. Birotte).

NOTICE OF EX PARTE APPLICATION FOR LEAVE TO SERVE DEFENDANT CARLOS WILLIAMS BY ELECTRONIC MAIL